COMMONWEALTH *vs.* WALTER HAYDEN.

Norfolk.    November 30, 1889. — December 31, 1889.

Present: FIELD, DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Indictment — Burning — Dwelling-house — Variance.*

On an indictment on the Pub. Sts. c. 203, § 1, for burning a dwelling-house of T., the defendant cannot be convicted, under § 4, of burning a building of T. other than a dwelling-house.

At the trial of an indictment on the Pub. Sts. c. 203, § 1, for burning a dwelling-house of T., it appeared that the building burned had never been occupied as a dwelling-house by T., and the presiding judge instructed the jury that it was not his dwelling-house as alleged, but allowed them to convict the defendant, under § 4, of burning a building of T. other than a dwelling-house. *Held,* that the defendant had good ground of exception.

INDICTMENT in one count, on the Pub. Sts. c. 203, § 1, alleging that the defendant, on April 3, 1887, at Braintree, " did set fire to a building not his own, to wit, the dwelling-house of one Melvin Thayer, situate in said Braintree, and the said dwelling-house of Melvin Thayer, then and there, by the kindling of said fire feloniously, wilfully, and maliciously, did burn and consume."

At the trial in the Superior Court, before *Sherman,* J., the government introduced evidence tending to prove that the building referred to in the indictment was the house of Thayer ; that the same had been occupied as a dwelling-house at some time before the time alleged, but was not so occupied at that time, and was not and never had been occupied as a dwelling-house by Thayer.

The defendant thereupon asked the judge to rule that, as the indictment alleged that the building set fire to or burned was the dwelling-house of Thayer, this allegation must be proved, or

there would be a variance between the allegations of the indictment and the proof, and that the defendant must be acquitted by reason of such variance. The judge refused so to rule, and instructed the jury, that upon the evidence, as matter of law, the building in question was not the dwelling-house of Melvin Thayer, as alleged; but if the building was the property of Thayer, and they were satisfied beyond a reasonable doubt that the defendant set fire to or burned the same, as alleged, they might, under the indictment, find him guilty of burning a building other than a dwelling-house, under the Pub. Sts. c. 203, § 4.

The jury rendered a verdict of guilty; and the defendant alleged exceptions.

*J. M. Day & T. C. Day*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

C. ALLEN, J.  The indictment contains but one count, and charges the burning of the dwelling-house of one Melvin Thayer. It appearing at the trial that the building in question had never been occupied as a dwelling-house by said Thayer, the court (in accordance with the decision in *Commonwealth* v. *Barney*, 10 Cush. 478) instructed the jury that it was not his dwelling-house, as alleged, but allowed them to convict the defendant of burning a building of said Thayer other than a dwelling-house, under the Pub. Sts. c. 203, § 4. We are of opinion that this conviction cannot be supported. It was necessary to aver what was burned, and an averment that a dwelling-house was burned must be proved as laid. The statutory offence of burning a dwelling-house does not include within itself the offence of burning a building which is not a dwelling-house. The description of what was burned is essential to fix the identity of the offence, and no part of it can be rejected as surplusage. 1 Greenl. Ev. §§ 58, 65.  3 Greenl. Ev. § 51. *Commonwealth* v. *Wellington*, 7 Allen, 299. *Commonwealth* v. *Hartwell*, 128 Mass. 415, 419. *Commonwealth* v. *Tobias*, 141 Mass. 129. *Commonwealth* v. *Buckley*, 145 Mass. 181. *Commonwealth* v. *McCarthy*, 145 Mass. 575. See also numerous cases collected in 1 Bish. Crim. Proc. (3d ed.) §§ 485, 486. It is no doubt true that the Pub. Sts. c. 203, § 4, cover the offence which the evidence tended to prove. The difficulty is, that there was no count in

the indictment adapted to that offence.   The charge was limited to burning a building of the particular kind described, and did not include burning one of any other kind.

*Exceptions sustained.*