COMMONWEALTH *vs.* JOHN F. ELDER.

Hampshire.　September 20, 1898. — November 22, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Arson — Indictment — Variance.*

Where, in an indictment under Pub. Sts. c. 203, § 2, the averment is of a burning of a "barn of the property of one S. then and there situate and being within the curtilage of the dwelling-house of him, the said S., there also situate," and the proof is that the barn was the property of S. situated within the curtilage of a dwelling-house owned by him, but in which he had never dwelt, and which at the time of the burning was occupied by his tenant, who dwelt with his family in the house and occupied the barn and the curtilage, there is no variance between the allegation and the proof.

INDICTMENT for arson. At the trial in the Superior Court, before *Fessenden*, J., the defendant requested a ruling, based on an alleged variance between the averments and the proof, which the judge refused to give, and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions. The nature of the ruling requested appears in the opinion.

*W. H Edwards*, (*W. H. Feiker* with him,) for the defendant.
*J. C. Hammond*, District Attorney, for the Commonwealth.

BARKER, J. In this indictment, under Pub. Sts. c. 203, § 2, the averment was of a burning of a "barn of the property of

one Sarah L. Wright then and there situate and being within the curtilage of the dwelling-house of her, the said Sarah L. Wright, there also situate," and the proof was that the barn was the property of Sarah L. Wright, situated within the curtilage of a dwelling-house owned by her, but in which she had never dwelt, and which at the time of the burning was occupied by her tenant, who dwelt with his family in the house and occupied the barn and the curtilage.

The indictment alleged all the elements of a statute offence, of which the proof showed the defendant guilty. The averment and the proof were that he burned the barn of another within the curtilage of a dwelling-house.

Whether there was a variance depends upon whether the words "within the curtilage of the dwelling-house of her, the said Sarah L. Wright," are an averment that the barn was within the curtilage of a dwelling-house in which Sarah L. Wright then lived. There is no reason why they must be so construed. The offence is statutory, and while the facts that the barn was the barn of another and that it was within the curtilage of a dwelling-house must be averred, there is no statute requirement that the dwelling-house must be alleged to have been the dwelling-house of the person who there dwelt. On the contrary, the offence is one in relation to real estate, and the provisions of Pub. Sts. c. 214, § 14, are applicable, under which in such prosecutions it is enough if it is proved on the trial that when the offence was committed "either the actual or constructive possession or the general or special property " was in the person alleged to be the owner. See *Commonwealth* v. *Wade*, 17 Pick. 395, 398.

Neither *Commonwealth* v. *Barney*, 10 Cush. 478, nor *Commonwealth* v. *Hayden*, 150 Mass. 332, governs the present case. In *Commonwealth* v. *Barney* the contention was whether the building was a dwelling-house within the meaning of the statute, and not whether there was a variance between the proof and the allegation that it was the dwelling of its owner. The house had not been dwelt in for months, and was the dwelling of no one. So in *Commonwealth* v. *Hayden* the house was not occupied as a dwelling-house at the time of the burning, and for that reason was not a dwelling-house within the meaning of the statute;

and it was not the dwelling-house of Thayer, as alleged, because it was not a dwelling-house within the meaning of the statute.

In the present case the alleged dwelling-house within the curtilage of which the barn was burned, being actually inhabited by a family of persons, was a dwelling-house, and the averment that it was the dwelling-house of the owner was satisfied by the proof that it was an actual dwelling, and of her ownership.　　　　　　　　　　　　*Exceptions overruled.*