(123 So. 104)

**FAULK v. STATE.** (4 Div. 438.)

Court of Appeals of Alabama. June 18, 1929.

Farmer, Merrill & Farmer, of Dothan, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

BRICKEN, P. J. The statute law of arson has been materially changed in this state by the passage and approval of an act, approved September 9, 1927. See General Acts of Alabama 1927, p. 552.

It affirmatively appears from this record, however, that the offense complained of in the indictment was committed prior to the passage and approval of the above amendatory act, and therefore the law prevailing at the time of the act commission of the act complained of must govern as to this case.

This appellant, and another, were indicted for the offense of arson in the second degree, the specific charge being that the defendants named willfully set fire to or burned a barn, the property of Jim Copeland. In

the second count the same offense was charged, but the property (barn) was alleged to be that of the J. S. Carroll Mercantile Company, a corporation. The ownership may be laid in different persons in separate counts of the indictment. In the instant case the ownership was properly laid in Jim Copeland, as the undisputed evidence discloses he was the tenant in actual possession at the time.

■ Under the provisions of section 3290 of the 1923 Code, the willfully setting fire to or the burning of a "*barn*" constitutes the offense of arson in the second degree; and an indictment charging that the accused, naming him, willfully set fire to or burned a barn the property of ——, naming the person in possession, meets every requirement of law, and it is not necessary, as insisted by appellant, that the indictment should go further and aver that such barn was within the curtilage of a dwelling house. Nor is it necessary to aver that the barn with the property therein contained was of the value of $500 or more. The statute itself is clear on these questions. It expressly declares that the burning of *a barn* is arson in the second degree; the provisions as to value, and the curtilage of a dwelling house contained in the same section have obviously no reference to a barn, but refer only to the buildings named therein just before these provisions. Henderson v. State, 105 Ala. 82, 16 So. 931. The demurrer to the indictment was properly overruled, and other insistences of appellant in this connection cannot be sustained.

■ A *barn* is a building of distinctive character, and known as such to every one, and, as stated, to willfully set fire to or burn a barn renders the person or persons committing such act, guilty of arson in the second degree, and when such act affirmatively appears, under the required rules of evidence, the crime is complete, and the contents or value thereof is wholly immaterial and in no sense an element or ingredient of the offense and need not be alleged, nor is proof thereof upon the trial admissible. Simpson v. State, 111 Ala. 6, 10, 20 So. 572. In the instant case the evidence disclosed without dispute or controversy that the structure burned was a barn, the willfully setting fire to or burning of which constituted arson in the second degree without any reference to its contents. Over the objection and exception of the accused, the state was permitted to prove that the barn contained six mules, two hogs, corn, and hay, and that all this property was burned. The Simpson Case, supra, expressly holds this to be·error; in that case the court said: "That the structure here burned was a house or building was fully and clearly shown without any reference to its contents; and we are unable to see what office the fact that there was a considerable amount of personal property, in-

cluding live stock, corn, cotton, etc., in this barn when it was burned, had to perform in the trial below, unless it was the illegitimate one of inducing the jury to measure the punishment by reference to the amount of property destroyed."

The foregoing authority is directly in point here, and the court below must be declared in error as a result of the rulings complained of in this connection and to which proper exceptions were reserved. The statute provides that the decisions of the Supreme Court shall govern the holdings and decisions of this court. Code 1923, § 7318. We regard the point decided in the Simpson Case as being sound, but the writer deems the *reasons* given therefor as inadvertent, in that under the statute the jury does not fix or *measure the punishment* upon conviction for arson in the second degree. The statute places this duty upon the *court*. The writer thinks the proposition is sound for the reason, as stated, that the contents of the building burned, or its value, have nothing to do with the specific offense, are not essential ingredients nor elements of the offense, and to allow proof thereof would result in injecting issues upon the trial wholly unnecessary, immaterial, and foreign to those formulated by the indictment itself, and the plea thereto. "In a prosecution for burning a barn, the question as to whether the barn was a building not being controverted, it is error to admit evidence of the contents of the barn." 3 Alabama and Southern Digest, p. 57, ☜28.

■ The state introduced one Coker as a witness, who gave evidence as to a confession of the defendant (appellant). This alleged confession was in writing and was introduced by the state; but before it was read to the jury the defendant asked permission of the court to cross-examine the witness Coker, then on the stand, with reference to the circumstances surrounding the purported giving or making of the confession and what was said and done in connection by all parties present, for purpose of showing to the court that said alleged confession was not voluntarily made by the defendant and was therefore inadmissible. The court denied defendant this right to thus cross-examine the witness and overruled the urgent motion and request to be allowed to do so. This ruling was error under the general rule of evidence well recognized, and also as pointedly held by the Supreme Court in the case of Lockett v. State, 218 Ala. 40, 117 So. 457, where the court, through Mr. Justice Bouldin, said: "A defendant may before confessions are admitted cross-examine the witness for the State as to their voluntary character, and offer outside evidence in contradiction of that produced by the State."

In Jackson v. State, 83 Ala. 76, 3 So. 847, 'the court said:

"The established doctrine in this State is, that all confessions are presumptively involuntary and inadmissible; and that it is incumbent on the State to show, prima facie, that a confession was freely and voluntarily made, before it can be admissible in evidence to the jury. * * * The inquiry, however, should not be determined on ex parte evidence. Whenever the admissibility of any evidence depends on extraneous facts, both parties should be allowed to introduce proof as to such facts. In determining whether the confession proceeded from the volition of the accused, or from an influence improperly exerted, the judge should hear and determine the question of admissibility, not merely upon such showing as the prosecutor may deem proper to make, but also upon the proof which the defendant may introduce, in order that he may not be prejudiced by the admission of illegal evidence. After the prosecution has shown a prima facie case, it is the right of the accused to introduce testimony to rebut, and to show that the confession was not voluntarily made; and in determining whether a prima facie showing of a voluntary confession is made, the court should consider the testimony introduced by both parties. * * *

"The error in refusing to allow the defendant to introduce proof that the confession made at the time of the preliminary examination was not voluntary, but was induced by promises of release and reward, is not cured by allowing such evidence to be subsequently admitted to the jury. * * * The prejudice to the defendant consists in admitting to the jury evidence, which may have been shown to be inadmissible if the court had allowed the opportunity, but which they are bound to regard."

■ Appellant insists that the refusal of charge 12 was error, and cites the case of Kirkwood v. State, 3 Ala. App. 15, 57 So. 504, in support of this insistence. The Kirkwood Case so holds, but that case has been expressly overruled on this point in the case of Arnold v. State, 18 Ala. App. 454, 93 So. 83. The charge is bad, and therefore properly refused in pretermitting a consideration of all of the evidence and authorizes the jury to acquit without a due consideration by them of all the evidence on the issue of guilt vel non. Numerous decisions in the past rendered by the Supreme Court have approved this charge, but all of such decisions have been overruled on this point. Ex parte Davis et al., 184 Ala. 26, 63 So. 1010.

■ Refused charges 16 and 24 need no discussion, other than to say that the propositions of law stated therein were given to the jury in the court's oral charge and in special charges 14, 17, 20, as to refused charge 16, and charge 25 fairly and substantially covers refused charge 24.

No other questions are presented. For the errors indicated, the judgment of conviction, from which this appeal was taken, is reversed, and the cause remanded.

Reversed and remanded.