190 So. 290

## BALKUM v. STATE.

### 4 Div. 467.

Court of Appeals of Alabama.
May 2, 1939.

Rehearing Denied June 6, 1939.

Rowe & Rowe, of Elba, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was indicted on a charge that he did willfully set fire to, or burned, or caused to be burned, etc., a dwelling house, the property of Richard Flowers.

The ownership of the property was properly laid in Richard Flowers, the tenant. Faulk v. State, 23 Ala.App. 213, 123 So. 104; Adams et al. v. State, 62 Ala. 177. As to what business the tenant was engaged in at the time of the fire, as a means of livelihood, is immaterial, and the State's objection to the question seeking to bring out this evidence, was free from error.

The question propounded to the witness Cauley, on cross examination, asking what witness's wife had been up to his father's house for, was immaterial and irrelevant, and could have no bearing upon the issues involved in this case.

The third proposition insisted upon by counsel for appellant, is that the trial court erred in allowing the witness, Lee S. Livings, to point out the peculiarities in shoes, which admittedly belonged to defendant and found in his possession immediately after the fire, which said shoes corresponded with the tracks found at or near the scene of the crime. This was a proper inquiry and did not call for a conclusion of the witness, but rather was the statement of collective facts. Young v. State, 68 Ala. 569.

The principal insistence of error by the appellant is that the trial judge refused to grant appellant's motion for a new trial on the ground that the corpus delicti had not been proven. The evidence for the State tended to prove that the building, which was burned, was a dwelling house occupied by Flowers and his family; that Flowers' wife and children had gone for a visit to Florida; that he was staying at his father's house some distance way; that the house had been closed and unoccupied for a period of two days; that no fire was on or about the premises; that the fire was discovered about 2 o'clock in the morning, at which time it was in full flame. Upon investigation, after the fire, there were found two sets of tracks in the yard adjacent to the burned building. One of these sets of tracks corresponded with shoes found in the possession of this defendant at his home.

The above facts constitute prima facie evidence of the corpus delicti. In Winslow v. State, 76 Ala. 42, it was said: "In this case, there was evidence tending to show a fresh track in the lane leading from the road to the house; that this track, and the track of the defendant, corresponded; that the fire, when first discovered, was burning on the outside, about six feet from the ground, at a part of the house in which there had been no fire during the night; that the fire occurred about midnight, and spread so rapidly that only one bed and bedding were saved." On this evidence the court held that, while there was some conflict in the testimony and there was evidence tending to show that the burning may have been accidental, the evidence tending to show the corpus delicti is sufficient to lay a foundation on

which to rest the admissibility of the confessions; and, we may add for the introduction of other evidence tending to connect the defendant with the crime.

The proof of the charge in all criminal cases involves the proof of two distinct propositions: (1) That the act itself was done; and (2) that it was done by the person charged, and by none other—in other words, proof of the corpus delicti and of the identity of the prisoner. In the instant case, there was evidence tending to show a fresh track in the yard of the house which was burned, which track corresponded to a shoe found in the possession of defendant, wet and muddy; that this track led in direction of defendant's house; that the defendant was seen near the scene of the crime at an unusual time of the night with a five gallon gasoline can, and that at about 10 o'clock, at night, he bought two gallons of gasoline. All of these were suspicious circumstances; and the defendant's proximity to the place of the crime at a very unreasonable hour, with opportunity to commit the crime, is a circumstance to be weighed by the jury in connection with all of the other evidence in the case to determine defendant's guilt. Lindsey v. State, 170 Ala. 80, 54 So. 516; Enzor v. State, 24 Ala.App. 346, 135 So. 595.

After carefully considering the whole testimony, and giving to the verdict of the jury and the Judge trying the case the presumption to which they are entitled, we cannot say that the trial judge committed error in refusing to grant the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Patterson v. State, 224 Ala. 531, 141 So. 195.

We find no error in the record, and the judgment is affirmed.

Affirmed.