194 So. 702

**SMITH v. STATE.**

2 Div. 662.

Court of Appeals of Alabama.

Feb. 13, 1940.

Rehearing Denied March 12, 1940.

Geo. O. Miller and Ira D. Pruitt, both of Livingston, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of arson, the defendant took this appeal.

The evidence adduced upon the main trial established the corpus delicti without dispute or conflict. The only testimony tending to connect this appellant with participation in the unlawful act complained of was the purported confession of the accused while incarcerated in the county jail, said purported confession was alleged to have been made about 2:30 o'clock on the afternoon next after the building in question burned the night before at about 12 o'clock.

Appellant contended upon the trial, and insists here, that the alleged confession itself refutes any criminality upon the part of the accused and by such alleged confession it affirmatively appeared the defendant committed no voluntary overt act for which he could legally be called upon to answer. It appears from the record that the defendant is a negro youth. No motive, or anything bordering upon a motive, was proven, or attempted to be proven, against him upon the trial. And it does appear from the undisputed evidence that he, the defendant, was forced by two white men to accompany them in a car to a place some one-fourth of a mile from where the building was burned. The confession itself tends to absolve the accused of any and all intention to commit the act complained of, and from said alleged confession it was definitely disclosed that defendant did not commit, or aid or abet in the commission of, the overt act, the basis of this prosecution.

It was insisted upon the trial that no sufficient predicate had been laid to authorize the introduction in evidence of the alleged confession. As to this, the record shows the following:

"The state then introduced Woodrow Walton as a witness, who, after being first duly sworn, testified as follows:

"My name is Woodrow Walton. I am the son of Jesse Walton. * * * I saw this defendant, Robert T. Smith. * * * I saw him down here in jail; I had a conversation with him. * * * I did have a conversation with him. Oscar Hitt and Ward Walton were present. Mr. Hitt or Ward Walton or anyone in my presence and in the presence of the defendant did not threaten him. They did not offer him any reward or make him any promises, or intimidate him in any way to get him to talk.

"Counsel for defendant asked permission to test witness on the confession:

"I did not know about this boy being whipped before he was brought in jail. This confession that I refer to was made the evening after the night the barn was burned, the next day and that was when he was placed in jail down here. * * *

"Counsel for defendant then asked witness the following question:

"Q. You did not know anything about him being carried off in the woods down there?

"The State objected to the question. The question is, whether up here he made a voluntary confession.

"Attorney for defendant stated:

"We submit that if this man was whipped down there near his home and then was brought here and put in jail and made a confession, and then later retracted the confession after he got in jail afterwards

to the State Fire Marshal or the Deputy Sheriff or anyone else, and he had been whipped, it goes to show the confession couldn't have been voluntary, and there is a familiar line of decisions on confessions that it must be free and voluntary and there must not have been any fear, or promise or reward, or hope thereof, or anything of that sort.

"The Court asked the Attorney for defendant:

"He was in jail when he made the confession to this young man?

"Attorney answered: Yes, sir.

"The Court stated:

"I gather from what you say, your information is he had been whipped before he was put in jail and before he made this purported confession?

"Attorney answered: Yes, sir.

"The Court asked:

"How long before? What time was it, to the best of your knowledge and recollection?

"Witness answered:

"After he was brought to jail?

"The Court stated:

"Yes, the time you talked with him.

"Witness answered: The barn was burned about 12:00 o'clock and the next evening I talked with him in the jail.

"Attorney for defendant stated:

"Now the time we are talking about, when he was carried to the woods and whipped, was that the morning before he was put in jail in the afternoon?

"The Court stated: Suppose he was whipped in the morning. Is that what you say it was?

"Attorney for defendant: That is right.

"The Court stated: Suppose he was whipped in the morning into forcing him to make a confession and that this young man was not present at the time he was whipped.

"Attorney for defendants stated: I do not contend that this young man was present at the time.

"The Court asked the witness: What is your recollection about the time you talked to him?

"Witness answered: About 2:30.

"The Court stated: About 2:30 in the afternoon, and he was whipped in the morning to make a confession and he was put in jail and made a confession at that time, and the State has laid the necessary predicate that at that time no one in his presence or hearing made any threats or any promise or anything of that sort to get him to talk, do you think that the fact he was whipped in the morning to make him confess and in the afternoon, about 2:30, and he was not one of those who whipped him, and he made a confession to him, that that would not be voluntary?

"Attorney for defendant stated:

"I do not think it would, your Honor.

"The Court stated: I think it would. Of course, if he was whipped in the morning to make a confession and this young man was present at that time, that would be a different thing, but he says that is not the way it happened. I sustain the objection.

"The defendant then and there excepted to the Court sustaining the objection."

At the conclusion of the examination of witness Woodrow Walton, the following occurred as shown by the record:

"Attorney for defendant then moved to exclude the evidence about the tracks, on the ground that there is nothing to connect them with this defendant whatever.

"The Court stated: I know there is nothing to connect him, except this young man said that this defendant told him that Willie Gray Garrison and George picked him up somewhere and carried him up there and told him about what they were going to do, and the two other men went down to the barn, and he went part of the way and did not go to the barn, and they came back and he beat them back to where the car was, and the tracks found were right in the place where this young man said that he said he ran there. Is that what you said?

"Witness answered: That is what he said.

"The Court stated: Of course, on what he says, what this young man says he told him, why, there is no confession as to his burning up the barn, because, according to what he says the defendant told him, he never got to the barn, but there may be other matters showing differently, you see.

"The Solicitor stated:

"I want to call the Court's attention to the fact he didn't have to get to the barn if he aided and abetted.

230

"The Court stated: If he was particeps criminis?

"The Solicitor stated:

"That is right.

"The Court stated: But I understand this witness said these people forced him to go with them and he is not particeps criminis. Is that what you said, they forced him to go with them?

"Witness answered: Yes, sir.

"Attorney for defendant stated: That is right."

It is well settled, (1) Before any confession can be received in evidence in a criminal case it must be shown that it was voluntary. (2) Confessions are prima facie involuntary, and the court, before permitting proof thereof, must ascertain that they are voluntary. (3) Confessions should not be allowed to go to the jury until affirmatively shown to be voluntary. (4) It is the duty of the court to determine whether a confession is voluntary, and, as stated in our case of Carr v. State, 17 Ala.App. 539, 85 So. 852: "The court, in determining admissibility of confession, should be careful to ascertain that confession proceeded from volition, and that it was not superinduced by an influence improperly exerted, and the court should not permit them, unless they clearly appear to have been made in such manner as to constitute them competent." In Miller v. State, 40 Ala. 54, it was likewise held: It is duty of the judge before admitting a confession in evidence, to determine from the age, condition, situation, and character of the prisoner, and from the surrounding circumstance, whether or not the confession was made voluntarily. Alabama Digest Criminal Law, ☞532(1). Of course, whenever a confession is admitted by the court, the jury cannot reject it as incompetent, but are confined to the questions of its probative force and also its credibility.

On appeal, in a criminal case, the duty rests upon this court, not only to consider all questions reserved by the bill of exceptions; but also, we are called upon to consider all questions apparent on the record, in order to pass upon the regularity of the proceedings of the trial in the lower court. In considering and determining such questions the appellate court must be governed solely by the record submitted in each particular case. In the record, now under consideration, we find apparent prejudicial error necessitating the reversal of the judgment of conviction from which this appeal was taken. As stated, hereinabove, the unlawful act complained of by the indictment was, the willfully setting fire to, or burning, or causing to be burned, or aiding or procuring the burning of, the barn of Jesse N. Walton, etc. Under the statute Section 3290 of the Code 1923, the alleged offense charged arson in the second degree, by express terms of said statute. The record discloses, in line with instruction of the trial court in the oral charge, the jury returned the following verdict: "We the jury find the defendant guilty of arson in the first degree as charged in the indictment. W. M. G. Pinson, Foreman." The judgment entry, as appears of record, after reciting the verdict of the jury, supra, states, "It is therefore considered by the court, and it is the order and judgment of the court, that the defendant, Robert T. Smith, is guilty of arson in the first degree."

The foregoing, as stated, is error, and the adjudication of guilt was for an offense of which he was not charged. Said judgment is patently erroneous and we so hold and declare.

The judgment of conviction from which this appeal was taken is reversed and the cause remanded. There appears no necessity to enter into further discussion of other insistences of error presented on this appeal.

Reversed and remanded.