210 So.2d 855

**Calvin L. BAKER**

v.

**STATE.**

**3 Div. 342.**

Court of Appeals of Alabama.

April 16, 1968.

Rehearing Denied May 28, 1968.

Gatewood A. Walden, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Circuit Court of Montgomery County, Alabama, for the offense of escape from the penitentiary or from a person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary, before the expiration of the term for which he was sentenced. After entering a plea of not guilty, trial was had by jury on February 27, 1967, and a verdict of guilty was returned. The court fixed appellant's punishment at three years in the penitentiary. Upon a denial of a motion for a new trial, this appeal is made.

The State's evidence reveals that on January 12, 1967, six convicts who were working in a pecan orchard attempted to escape. Five of these men were able to run over some 80 to 100 yards and climb a nearby wire fence. Mr. Robbins, Mr. Ward, and Mr. Blankenship, who were guarding the prisoners at the time, testified that the convicts were picking up pecans when the escape was initiated; that one convict was shot before he got to the fence; that another was shot on the other side of the fence; that the others gave up and asked the guards not to shoot anymore; that the guards stopped shooting and the convicts came back; and that the guards ordered them to stand there until the dog wagon came to pick the escapees up.

John Bruce Tier, one of the convicts who were shot, testified that he and four other men had planned an escape; that his cellmate was appellant; that when he (the witness) was shot by one of the guards, appellant came back to see if he was all right; and that another convict, "Duke", was the one who was killed before he reached the fence. The witness stated that

appellant did not go over the fence and did not know about the planned escape.

Appellant contends that the court committed reversible error in refusing to summon all the witnesses requested by the appellant.

Appellant admits in his brief that the calling of an "unusually large number of defense witnesses [twenty], all of whom are convicts," would place an "imposition upon the court and create a certain amount of danger to the court and to the public." He argues, however, that while all of these witnesses' testimony would have been cumulative, had their testimony withstood strenuous cross-examination by the prosecution, the jury would have been swayed in favor of the appellant. The record shows that five of these witnesses were permitted to testify on appellant's behalf.

Tit. 45, Sec. 61, Code of Ala., 1940, reads in part as follows:

"Moreover, upon the sworn petition of the defendant in a criminal prosecution showing that a convict serving sentence in the penitentiary knows facts which would be beneficial to him, the judge may, if he believes the ends of justice will be served thereby, order the issuance of such a writ to secure the appearance of the convict to testify on behalf of the defendant."

This court in Magee v. State, 43 Ala. App. 218, 187 So.2d 274, speaking through Cates, J., stated:

" * * * [W]e note in criminal prosecutions the defendant takes the following steps to get the personal presence of a penitentiary prisoner in his behalf:

"1) File a sworn petition with trial court; and

"2) Show therein facts known by the convict witness 'which would be beneficial to' the defendant."

We do not observe in the record of the instant case an attempt to comply with the

requirements of Tit. 45, Sec. 61, supra. "The record neither reveals nor refers to the filing of a sworn petition and hence no writ could have been made up so as to be served on the Board of Corrections at least a week before trial." Magee v. State, supra.

Having made a diligent search of the record and finding no error therein, the judgment in this cause is due to be and the same is hereby

Affirmed.