307 So.2d 74

Thomas WORRELL

v.

STATE.

4 Div. 302.

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

Rehearing Denied Jan. 21, 1975.

Tipler, Fuller & Barnes, Andalusia, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charged the appellant, Thomas Worrell, with the second degree arson of a barn, the property of one Thomas Coon, in the possession of one Raymond Heisler. The Jury's verdict found the appellant guilty of arson in the third degree, and the trial court adjudged the appellant guilty of arson in the third degree, and fixed punishment at three years imprisonment in the penitentiary. The appellant's motion for a new trial was overruled.

I

The indictment in this cause, omitting formal parts, is as follows:

"The Grand Jury of said County charge that before the finding of this indictment, that Clyde Odom, alias Grady Clyde Odom, and Thomas Worrell, whose names are to the Grand Jury otherwise unknown, willfully set fire to, or burned or caused to be burned, or aided or procured the burning of a barn, the property of Thomas Coon, in possession of Raymond Heisler, against the peace and dignity of the State of Alabama."

The appellant demurred to this indictment, stating that said indictment failed to specify the degree of arson charged, and that the indictment did not sufficiently apprise the appellant of what offense he was charged. The trial court overruled this demurrer.

In Faulk v. State, 23 Ala.App. 213, 123 So. 104, we find:

"Under the provisions of section 3290 of the 1923 Code [Title 14, Section 24, Code of Alabama 1940], the willfully setting fire to or the burning of a *'barn'* constitutes the offense of arson in the second degree; and an indictment charging that the accused, naming him, willfully set fire to or burned a barn the property of ————, naming the person in possession, meets every requirement of law, and it is not necessary, as insisted by appellant, that the indictment should go further and aver that such barn was within the curtilage of a dwelling house. Nor is it necessary to aver that the barn with the property therein

contained was of the value of $500 or more. The statute itself is clear on these questions. It expressly declares that the burning of a *barn* is arson in the second degree; the provisions as to value, and the curtilage of a dwelling house contained in the same section have obviously no reference to a barn, but refer only to the buildings named therein just before these provisions. Henderson v. State, 105 Ala. 82, 16 So. 931. . . ."

It is clear that the indictment, which follows substantially the language of the statute, as well as the form provided for in the Code, was not demurrable. Form No. 10, Title 15, Section 259, Code of Alabama 1940; Faulk v. State, supra; Brown et al. v. State, 52 Ala. 345; Fortenberry v. State, 35 Ala.App. 426, 48 So.2d 261, cert. denied, 254 Ala. 342, 48 So.2d 264; Street v. State, 39 Ala.App. 190, 96 So.2d 680, reversed on other grounds, 266 Ala. 289, 96 So.2d 686.

## II

In appellant's motion for new trial, we find the following ground:

"4. For that the trial court erred in charging the jury on third degree arson in this cause."

And additionally:

"7. For that the verdict of the jury is contrary to the law and evidence in this case."

Mr. William Thomas Coon, as witness for the State, described the structure in question as follows:

"Q  All right. Give us the size of the barn?

"A  Thirty-six by eighty-two.

"Q  And how high was the ceiling in that barn?

"A  I really can't say to the highest point, but the  .   .   .

"Q  The lowest point?

"A  The lowest point was around twelve to fourteen feet.

"Q  And what was it built of?

"A  Well, it was enclosed in lumber all the way around it, except on one side.

"Q  Lumber on all but one side?

"A  Right.

"Q  And what was it enclosed in on that side?

"A  It was open.

"Q  Is it 36 by 82?

"A  Yes.

"Q  Was it burned to the ground?

"A  It was."

Further, Mr. Coon stated that the barn was built in either 1949 or 1950, and that it was used to "store hay, but there were no whole bales in it at the time of the fire."

His leasee, Mr. Raymond Heisler, stated that he leased the barn and was in possession of same when it burned on the early morning of December 24, 1973.

A careful examination of this record indicates that no witnesses for either the State or the appellant referred to the structure in question as anything but "a barn."

Thus, we find in the record prejudicial error necessitating a reversal of the judgment of conviction from which this appeal was taken. The indictment in this cause clearly charges the appellant with arson in the second degree by the express terms of the statute. Title 14, Section 24, Code of Alabama 1940; Faulk v. State, 23 Ala.App. 213, 123 So. 104; Savage v. State, 8 Ala. App. 334, 62 So. 999, cert. denied, 184 Ala. 1, 63 So. 1006; Smith v. State, 29 Ala.

App. 227, 194 So. 702; Jackson v. State, 145 Ala. 54, 40 So. 979.

The record discloses in line with instructions of the trial court in the oral charge the following verdict:

"WE, THE JURY FIND THE DEFENDANT GUILTY OF ARSON IN THE 3RD DEGREE."

The judgment entry, as appears of record, after reciting the verdict of the jury, supra, states:

"It is, therefore, considered and adjudged by the Court that the Defendant is guilty of the offense of Arson in the 3rd Degree, and that the Defendant be imprisoned in the Penitentiary of Alabama for a term of three (3) years."

The foregoing, as stated, is prejudicial error, and the adjudication of guilt was for an offense of which the appellant was not charged. This judgment is patently erroneous and we do so hold and declare. Smith v. State, 29 Ala.App. 227, 194 So. 702; Commonwealth v. Hayden, 150 Mass. 332, 23 N.E. 51; Dedieu v. People, 22 N.Y. 178; State v. Murphy, 214 La. 600, 38 So. 2d 254; Volume 6, C.J.S. Arson § 45, page 770; 5 Am.Jur.2d, Arson, Section 45, page 835.

In Jackson v. State, 145 Ala. 54, 40 So. 979, we find:

"It was expressly held in Jeter's Case, supra [State v. Jeter, 47 S.C. 2, 24 S.E. 889], that corncribs were not included in the prohibition of setting fire to or burning any barn, etc. Thus it seems that the courts have clearly drawn a distinction between the two structures; and the distinction is emphasized when we come to give the definition of the terms as they are taken from the lexicographers and are understood in common parlance. 'A barn is a covered building designed for the storage of grain, hay, flax, or other farm produce. In America barns also usually contain stabling for horses and cattle.' Century Dictionary; Webster's International Dictionary; State v.

Laughlin, 53 N.C. 354; State v. Cherry, 63 N.C. 493; State v. Smith, 28 Iowa, 565. 'Crib' is defined as a box or bin, or similar wooden structure, for storing grain, salt, etc.; as a crib for corn or oats. And 'corncrib' is defined as a crib for storing corn. Webster's International Dictionary; Century Dictionary. . . ."

It is clear under the testimony in this case that there was no evidence to support a charge on third degree arson, Title 14, Section 27, Code of Alabama 1940, and that such charge was erroneous. It resulted in the Jury's adjudication of guilt for an offense of which the appellant was not charged. See also Volume 5, Words and Phrases, Barn, page 258.

### III

The State of Alabama contends that in the case at bar arson in the third degree, Title 14, Section 27, Code of Alabama 1940, is a lesser included offense of arson in the second degree, Title 14, Section 24, Code of Alabama 1940, and that the Jury could find the appellant guilty of a lesser degree as is provided by Title 15, Section 323, Code of Alabama 1940.

In Williams v. State, 177 Ala. 34, 58 So. 921, Mr. Justice Mayfield declared:

"At common law it was not arson to burn any other building than a dwelling."

Thus, we find that our arson statutes have codified this offense into three grades; namely, first, Title 14, Section 23, Code of Alabama 1940 ; second, Title 14, Section 24, Code of Alabama 1940; third, Title 14, Section 27, Code of Alabama 1940; Williams v. State, supra.

In Peinhardt v. State, 161 Ala. 70, 49 So. 831, the Supreme Court of Alabama held that since arson is an offense under the statute, one cannot commit same except under the circumstances it specifies.

Therefore, the proof in this case clearly established that the structure burned was a barn not within the curtilage of the residence, Washington v. State, 82 Ala. 31, 2

So. 356, and the testimony of all witnesses for both the State and the Appellant clearly described the structure in question as a barn. Therefore, the verdict of the Jury and judgment of the court is erroneous. Cases herein cited.

It therefore follows that arson in the third degree includes elements not embraced in arson in the second degree. The structure in question falls clearly within the statute providing for the greater punishment and there was not proof in this cause to sustain the charge of arson in the third degree. Such a charge requires different proof, and as such cannot be deemed to be included in the greater degree of arson as set forth in our Code. Jackson v. State, 145 Ala. 54, 40 So. 979; Faulk v. State, 23 Ala.App. 213, 123 So. 104; Savage v. State, 8 Ala.App. 334, 62 So. 999, cert. denied, 184 Ala. 1, 63 So. 1006; Johnson v. State, 1 Ala.App. 148, 55 So. 268; Daniels v. State, 12 Ala.App. 119, 68 So. 499; See also, Savage v. State, 12 Ala.App. 116, 68 So. 498; Smith v. State, 29 Ala.App. 227, 194 So. 702; Carr v. State, 16 Ala.App. 176, 76 So. 413.

For the error shown the judgment of conviction is due to be reversed, and the cause is hereby remanded.

Reversed and remanded.

All the Judges concur.