BOOKOUT, Judge.
Possession of marijuana for other than personal use; sentence: five years and a fine of $500.00.
The sole question on appeal concerns the search of the appellant’s automobile. From the record, it appears that officers, armed with a warrant to search the apartment where appellant lived, also searched his automobile which was parked adjacent to the apartment building. No controlled substances were found in the apartment, but a brown paper sack was found under the seat of the appellant’s car which contained fourteen “lids” of marijuana.
Appellant filed a motion to suppress the marijuana on the ground that the warrant to search the apartment did not encompass the automobile.
Hearing on the motion to suppress was held immediately prior to the trial of the case. No sworn testimony from witnesses and no evidence was presented during the hearing on the motion. The entire hearing consisted of argument by opposing counsel concerning the search of the automobile. Neither the warrant, nor the supporting affidavit were introduced during the suppression hearing, nor during the trial and neither appears in the record. At the end of argument on the motion, the trial court overruled the motion stating, “I have heard no evidence. No evidence has been presented as to how this search was made.”
Trial on the merits began immediately after the trial court overruled the motion to suppress. Officers Charles Blount and James R. McCord testified as to the search of the apartment and of appellant’s automobile. Melinda Long of the State Toxicology Lab testified after the defense stipulated as to her qualifications. She identified the substance removed from appellant’s car as being marijuana. No motion was made to exclude the testimony of any of the State’s witnesses.
The appellant testified in his own behalf. He testified that he accompanied the officers to the car and that they found a brown paper bag containing fourteen bags of marijuana which was placed partially under the front passenger seat of his automobile. Appellant testified that the marijuana did not belong to him, but that it belonged to James Lawrence. He said that he did not know that it was in his car until Lawrence told him that he had put the marijuana there shortly before the police arrived.
The State contends that the warrant to search the apartment would include the automobile, as it was parked within the curtilage. Since the warrant appears nowhere in the record, and was introduced by neither the State nor the defense, we are unable to declare what the warrant encompassed. The illegality of the search and seizure, even if it had been properly presented in the trial court and on appeal, would be no basis for a reversal under the circumstances of the instant case.
The appellant did not deny that the marijuana was in his automobile, but he did deny any proprietory or possessory interest in the marijuana. He emphatically stated that the marijuana was not his and that it belonged to James Lawrence. To quote from Justice Merrill in Guenther v. State, 282 Ala. 620, 623, 213 So.2d 679, 682 (1968):
“Appellant contends that the evidence . was inadmissible because it was the result of an illegal search and seizure.
“The answer to this contention is that the right to protection against an unlawful search is personal, and a defendant in a criminal case who denied any proprietory or possessory interest in seized property has no standing to object to the method of seizure. Aldridge v. State, 278 Ala. 470, 179 So.2d 51, and federal cases there cited.”
*813 A similar holding is found in Baldwin v. State, 282 Ala. 653, 213 So.2d 819 (1968), and in Jones v. State, 49 Ala.App. 438, 441, 272 So.2d 910 (1973).
Pursuant to the above cited authorities, the appellant had no standing to object to the search and therefore the trial court committed no error in overruling the motion to exclude.
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.