[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 341 
Robbery; sentence: thirty years imprisonment.
On the evening of May 28, 1975, around 8:30 P.M., three masked gunmen burglarized the Mountain Brook home of Dr. Melvin Bruce Sullivan. The three men entered the room where Dr. Sullivan was entertaining relatives, ordered all present to lay on the floor, and threatened to blow their heads off if they did not do as ordered. The robbers then took Dr. Sullivan's $3,000.00 watch; a $4,000.00 silver service; around $300.00 in cash; an assortment of rings, watches and jewelry from those present, and; on departing, left in one of Dr. Sullivan's cars, a two-door blue Buick.
Positive in-court identification of appellant as one of the robbers was made by Dr. Sullivan, his wife and two daughters. A more detailed account of the facts are set out in a companion case of one of the other robbers, Smith v. State, Ala.Cr.App.,346 So.2d 500 (1977).
 I
Appellant contends that the "one-for-one" system of striking a jury in Jefferson County is a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution, in that defendants in counties of less than 400,000 population get two strikes for every one strike allowed the State. The "one-for-one" strike system is authorized by § 714, Vol. 14, Appendix, Code of Alabama 1940, Recompiled 1958.
This issue was conclusively settled in Liptroth v. State, Ala.Cr.App., 355 So.2d 683 (1976), cert. denied, Ala.,335 So.2d 688, wherein we said:
 "We hold, as we have consistently held for the past forty years that § 714, Vol. 14, Appendix, Code of Alabama 1940, Recompiled 1958, does not violate the United States Constitution. Colston v. State, 57 Ala. App. 4, 325 So.2d 520 (1975), cert. denied 295 Ala. 398, 325 So.2d 531; Mallory v. State, 55 Ala. App. 82, 313 So.2d 203 (1975) . . . Dixon v. State, 27 Ala. App. 64, 167 So. 340, cert. denied, 232 Ala. 150, 167 So. 349 (1936)."
 II
Appellant contends that the trial court erred by refusing to grant his request for a writ of habeas corpus ad testificandum
to return a prisoner to Alabama to testify in his behalf.
The record reveals that the appellant failed to follow the procedure set out in Title 45, § 61, Code of Alabama 1940, to obtain such a witness. That section requires the party seeking such witness to (1) file a sworn petition with the trial court, (2) showing facts known by the convict witness which would be beneficial to the petitioner, (3) which must be filed in sufficient time to allow authorities to produce the witness (the writ must be served on authorities at least one week before the witness is to testify). Appellant failed to comply with the above requirements by failing to file a sworn petition and by failing to show facts known by the witness which would be beneficial to him. Thus no error resulted in the trial court's ruling. Baker v. State, 44 Ala. App. 409, 210 So.2d 855
(1968); Magee v. State, 43 Ala. App. 218, 187 So.2d 274 (1966).
 III
Appellant contends that the trial court committed reversible error in refusing to grant a continuance due to his absence from the state for some two months just prior to trial. He also contends that he should have been given additional time in which to obtain interrogatories from the convict witness, Frank Black, whose testimony he merely alleged was "vital to the defendant's case." There was no showing in the record *Page 342 
as to what facts the convict witness would testify.
The motion for continuance was heard immediately prior to trial on January 12, 1976. Appellant testified that he was arrested on May 28, 1975, and was confined until October 28, when he was taken from the Jefferson County Jail and transported to Ashville, North Carolina, to appear in another court. He was returned to Jefferson County on January 8 and his trial commenced on January 12. The record discloses that his present counsel was appointed to represent him on August 15, 1975. The record also discloses that counsel for appellant was aware of the trial date as early as December 29, 1975, when he filed his petition for writ of habeas corpus ad testificandum.
The ruling on a motion for a continuance is largely within the discretion of the trial judge, and we will not reverse his decision in the absence of a showing of gross abuse of discretion. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968);Pounders v. State, 55 Ala. App. 204, 314 So.2d 123 (1975).
Here, the appellant had counsel for almost two and one half months prior to being taken to North Carolina. He likewise had at least three days to confer with his counsel after his return to Jefferson County, prior to the trial date. The record indicates that trial preparation between him and his attorney was being conducted as early as December 11, 1975. We find no abuse of discretion on the part of the trial court for refusing a continuance under those circumstances. We distinguish the instant situation from that in either Mars v. State, Ala.Cr.App., 339 So.2d 104, cert. denied, Ala., 339 So.2d 110
(1976) or Browning v. State, 57 Ala. App. 217, 326 So.2d 778, cert. denied 295 Ala. 392, 326 So.2d 783 (1975), wherein the defendants were given only a few minutes to consult with counsel prior to trial.
 IV
Appellant attacks the validity of a warrant issued for the search of the premises where he and his companions were arrested. He contends there was an insufficient basis established before the issuing magistrate to show the officer's confidential informant had a record of reliability.
Appellant attempted to question Officer Richard Watkins, the affiant, concerning specific details of information given on prior occasions by his informant. The officer testified that he had received information on two prior occasions which proved to be correct. The first occasion concerned some burglaries in 1973 or 1974, and the latest was in an automobile theft case in late 1974. The appellant then asked what the nature of the information was on those two occasions. The court sustained the following objection by the State:
 "Judge, I object to that. He is slowly but surely getting to the identity factor. If he has enough information, he can prove the identity of the informant."
The search warrant and supporting affidavits are not in the record. This, in itself, precludes our review of the trial court's ruling on either the sufficiency of the underlying circumstances supporting the search warrant, or the limits of the search which may be conducted pursuant to the warrant. This Court cannot review rulings respecting written instruments not contained in the record. Barbosa v. State, Ala.Cr.App.,331 So.2d 811 (1976); Seibold v. State, 287 Ala. 549, 253 So.2d 302
(1970); Woodall v. Malone-Harrison Motor Company, 219 Ala. 366,122 So. 357 (1929).
In Barbosa, supra, officers, armed with a warrant to search the appellant's apartment, also searched his automobile which was parked adjacent to the apartment building. The appellant contended that the warrant for the search of the apartment did not extend to the automobile. There, the State contended that since the automobile was parked within the curtilage, it was included within the warrant. On that point, we stated:
 ". . . Since the warrant appears nowhere in the record, and was introduced by neither the State nor the defense, we *Page 343 
are unable to declare what the warrant encompassed. . . . "
Further in the testimony of Officer Watkins, he recited, incamera, the items taken in the course of the search of the premises. Appellant objected to the introduction of the silver found in a search of his car, claiming that the warrant did not cover the automobile. The trial court overruled his motion to exclude the silver, however, when the jury was returned to the courtroom and Officer Watkins resumed his testimony, only those items found in the house and on the person of the appellant were introduced into evidence. The silver obtained in the search of the automobile was not introduced or testified to by Officer Watkins in the presence of the jury. Therefore, the trial court's ruling that the silver found in the car was admissible would not amount to prejudicial error where it was not in fact introduced. Rule 45, Alabama Rules of Appellate Procedure.
 V
Appellant contends that he was entitled to a charge to the jury respecting buying, receiving and concealing stolen property, as a lesser included offense of robbery. That point was raised in the trial court by an exception to the trial court's oral charge. The appellant failed to submit a written requested charge to the trial judge on that point of law. The only written requested charge submitted to the trial judge by the appellant was a request for the affirmative charge, which was properly overruled in view of the substantial evidence of guilt presented in the course of the trial.
The indictment charges the appellant with the offense of robbery. Robbery is a common law offense and does not include as a lesser offense the crime of buying, receiving and concealing stolen property, which is a statutory offense set out in Title 14, § 338, Code of Alabama 1940. Buying, receiving and concealing stolen property includes elements not embraced in robbery, thus is not a lesser included offense within the meaning of Title 15, § 323, Code of Alabama 1940. Each element of the lesser offense must be included in the higher offense before § 323 applies. See: Worrell v. State, 54 Ala. App. 266,307 So.2d 74 (1974).
AFFIRMED.
All the Judges concur. *Page 381