HARRY B. HALL v. STATE.

198 So. 60
Division A
Opinion Filed October 4, 1940
Rehearing Denied October 24, 1940

*E. M. Baynes,* for Appellant;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Appellee.

BUFORD, J.—From a judgment of conviction of breaking and entering a building with intent to commit a felony, to-wit, grand larceny, the defendant appealed.

The information under which the appellant was convicted was filed in the Criminal Court of Record of Palm Beach County, Florida, on November 14, 1939, and charged the offense to have been committed on September 15, 1939.

Appellant presents eight questions for our consideration. The second, third, fourth, fifth and sixth questions are not needful to be discussed because if the matters therein challenged constituted any errors they are harmless errors in so far as their application to the present record is concerned.

The first question is:

"Where an information for breaking and entering was filed against the defendant on the 18th day of September, 1939, and which information was quashed on November 14, 1939, and a new information filed on said last date charging the defendant with the same crime upon the same state of facts, does the new Criminal Procedure Act which went into force and effect October 10, 1939, govern the trial or the old law?"

There is included in the record an information which appears to have been filed on September 18, 1939, and which the record shows was quashed on confessed plea in abatement on November 14, 1939.

When the defendant introduced the information filed September 18, 1939, the following occurred:

"At this time E. M. Baynes, Esq., Attorney for the defendant, inquired of the Court as to whether it was the Court's view that this case be tried under the New Criminal Procedure Act, which went into effect October 10, 1939, and stated that it was the view of this defendant in this case that the New Criminal Procedure Act would not

apply to this case because the case was commenced by a former information which was filed on September 18, 1939, and the defendant introduced into the record the information filed in case Number 4884 to show that information was upon the same state of facts and involved the same charge in identical words and figures, to which introduction into the record there was no objection, and the information in Case Number 4884 was filed as defendant's Exhibit Number 'A' and is in words and figures following, to-wit:'

The information is then quoted, whereupon the following occurred:

"Whereupon the Court ruled as follows, to-wit: THE COURT: It appearing from the record that the original case, Number 4884, was filed on September 18, 1939, and said information was quashed on confessed Plea in Abatement on November 14, 1939, and the new case, the case under which the defendant is now being prosecuted, was filed on November 14, 1939, which date is after 12:01 o'clock A. M., the 10th day of October, 1939, it is the order of the Court that we proceed under the New Criminal Procedure Act."

We are not advised by the record as to the contents of the Plea in Abatement, but inasmuch as the record shows that the information of September 18 was quashed on a confessed Plea in Abatement that ended the prosecution under that information. Had the information under which the defendant was tried alleged that the offense was committed more than two years prior to the filing of that information there could be no question that it would have been subject to a motion to quash because it would have shown on its face that the institution of the present prosecution was more than two years after the alleged commission of the alleged offense. This must be so because there is no allegation in the present information tacking the prosecution to

the former information and this prosecution was in the same status as if no former information had been filed. Therefore, there was no error in this regard.

The seventh and eighth questions are as follows:

"Is it error for the court to charge the jury as follows: 'The Court charges you further, gentlemen, that if you believe from the evidence that the defendant might have been acting under the orders of a superior officer in going therein, that that would not justify him in the commission of any crime'?

"Is it error for the Court to refuse to charge the written request of the defendant as follows: 'I charge you further, gentlemen of the jury, that if you find in this case that the defendant did not desire to do anything wrong, and was persuaded into it by the act of any superior officer in the police department, for the purpose of entrapping the defendant, and the police department originated and started it, of course, it is improper and the defendant should be acquitted'?

We must hold that there was no reversible error on the part of the court in its action in regard to the charges referred to in these questions because the record does not disclose any such case of entrapment as would cause the accused to be immune from prosecution or conviction.

The applicable rule as to this matter is stated in 16 C. J. 87 and 88, Sections 56 and 57, as follows:

"Acting under Authority or Direction of Others.—The general rule is that a person who is acting under the authority of a superior is guilty if his acts are illegal, even if he acts under the orders of his superior. This rule, however, is not without exceptions. Under some circumstances the order of a superior officer may or must be obeyed, and in

such a case the act will be justifiable or excusable as done under compulsion.

"Acting as Agent or Employee of Another.—It is no defense to a criminal prosecution to prove that the accused committed the crime in the supposed discharge of his duty as agent or employee of another person, for it is well settled that the command of a master to a servant, a principal to his agent, or a parent to his child will not justify a criminal act done in pursuance thereof.

"So the officers or agents of a corporation who violate state laws or municipal ordinances may be arrested and punished like other individual offenders. While a corporation can act only through its officers, agents and employees it cannot authorize them to violate the criminal law of the state without responsibility for their acts. For *ultra vires* acts the agents responsible for them are usually the only ones who may be punished, but for acts not *ultra vires* the agents may be punished, although the corporation, if it authorized or directed the act, may also be punished as a joint offender. * * *

"Entrapment and instigation. While it has been said that the practice of entrapping persons into crime for the purpose of instituting criminal prosecutions is to be deplored, and while instigation, as distinguished from mere entrapment, has often been condemned and has sometimes been held to prevent the act from being criminal or punishable, the general rule is that it is no defense to the perpetrator of a crime that facilities for its commission were purposely placed in his way, or that the criminal act was done at the 'decoy solicitation' of persons seeking to expose the criminal, or that detectives feigning complicity in the act were present and apparently assisting in its commission." * * *

The accused was a police officer and the facts stated most

favorable for the defendant are: that some robberies had been committed from stores in the vicinity of the store referred to in the information in this case and that the owner of the store delivered to the police department a key to the store for the purpose of having the store left unlocked and, in such condition, to be watched by the police for the purpose of catching anyone who might be engaged in those robberies. While certain police officers were watching the store this policeman entered the store, made some investigation, came out of the store, closed the door and reported his so finding the store unlocked to the police sergeant at the desk at police headquarters. This was at about 11:15 P. M. His written statement in regard to what transpired is as follows:

"On Sept. 13 at 11:15 P. M. 1939, I found the front door of Cy's Men's Shop unlocked and reported it to Sgt. Emry Wall on the desk, he told me to get him some socks, undershirts and pants before I locked it up. I went back at 2:30 A. M. Sept. 14 1939 I went back to Cy's store, opened the front door and went in. I took 1 pr. pants, 3 pr. socks and 2 undershirts for Sgt. Wall at his request. I took 1 pr. pants, 1 coat and 6 undershirts for myself. I put all these articles out the back door, locked up the store, came out the front way and was arrested by Sgts. Schwarz, McGriff and Detective Gooding when I went around to the back of the store to pick up the merchandise. I wish to state further that I was acting under Sgt. Walls orders when I left this door open and got the mdse. for him at his request."

If the statement be true it was not the defendant's duty to follow the suggestions or request of the desk sergeant to commit the crime which he confessedly committed. It was not an act in line with duty. It was an act in violation of law and crime against society and the defendant, of course,

knew this at the time he committed the act. He also well knew that the desk sergeant had no authority to authorize or direct him to enter the building and take therefrom the property of another. If the statement of the defendant as set forth in the signed statement, *supra,* is true it, at most, only showed that the desk sergeant was an accessory before the fact to the commission of the crime and constituted no defense in behalf of the defendant when prosecuted as the actual perpetrator of the crime.

The judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.