O’NEILL, Chief Justice.
 

 The appellant was prosecuted for the crime of aggravated arson, was convicted of “simple arson in the sum of $150,” and was sentenced to imprisonment for 7 months. Her principal complaint is that the verdict was not responsive. The objection was made and a bill of exception was reserved when the judge charged the jury that a verdict of guilty of simple arson would be responsive and that if they found the defendant guilty of simple arson they should fix the amount of the damage done. The defendant’s objection was repeated in a motion for a new trial, ^nd again in a motion in arrest of judgment.
 

 Act No. 161 of 1948j ‘ amending article 386 of the Code of Criminal Procedure, by specifying the “included offenses” of which a verdict of guilty is responsive in a criminal .prosecution, does not govern this case, because Jhe prosecur. tion was had before the' act of 1948 -oame. into effect. The- case is governed: by-article 386 of the Code of Criminal Procedure, as amended by Act No. 147, of 1942, which provides:
 

 “Whenever the indictment sets out an offense including other offenses of less
 
 *603
 
 magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment, and in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter or negligent homicide.”
 

 The crime of simple arson, as defined in article 52 of the Criminal Code, is not an “included offense” in the definition of aggravated arson, as given in article 51 of the Criminal Code. The definition is given thus:
 

 “Aggravated arson is the intentional damaging by any explosive substance or the setting fire to any structure, watercraft, or movable, wherein it is foreseeable that human life might be endangered.”
 

 The penalty for aggravated arson is stated in article 51 to be imprisonment at hard labor for a term not less than 2 nor more than 20 years.
 

 Simple arson is defined in article 52, thus:
 

 ' “Simple arson is the intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner and except as provided in Article 51 (aggravated arson).”
 

 The penalty for simple arson, as stated in article 52, is a fine not exceeding $5,000 and imprisonment at hard labor for a term not exceeding 10 years if the damage done amounts to $500 or more, and if the damage done is less than $500 the penalty is a fine not exceeding $1,000 or imprisonment for a term not exceeding a year or both the fine and imprisonment within those limits.
 

 The reason why simple arson is not an “included offense” in the definition of aggravated arson is that the definition of simple arson contains two essential elements which are not included in the definition of aggravated arson, namely, first, that the property damaged must belong to another person, other than the party accused, and, second, that the damaging or setting fire to the property must be done without the consent of the owner. On the other hand, the definition of aggravated arson contains the essential element that it must be foreseeable that human life might be endangered by the damaging of the property by the explosive substance, or by the setting fire to the property. In the case of aggravated arson it is a matter of no importance whether the property damaged belongs to the person who damages it or to another person. The gravamen of the offense of aggravated arson is the endangering of human life; whereas the gravamen of the offense of simple arson is the damaging of the property of another without his consent.
 

 The bill of information in the present case recognizes that the two elements which we have mentioned, namely, first, that the property set on fire or damaged was not the property of the party accused,
 
 *605
 
 and, second, that the damaging of the property or setting fire to it was done without the consent of the owner, are not essential .elements of the crime of aggravated arson, of which the defendant was accused. There was no allegation in the bill of information concerning the ownership of the property, or the consent of the owner, or the amount of the damage done to the property. We quote the accusation in the bill of information, literally, thus:
 

 “that one Dorris Murphy * * * committed aggravated arson by intentionally damaging by explosive substance and by setting fire to the structure No. 829 Dumaine Street, in the City of New Orleans, a dwelling wherein human beings were at the time present and it was foreseeable that human life might be endangered, contrary to the form of the Statute,” etc.
 

 According to the provisions of Act No. 161 of 1948, in a prosecution for aggravated arson, a verdict of guilty of simple arson is not responsive if-the amount of the damage done to the property is $500 or more, unless the indictment states the amount of the damage done and thus shows that the damage amounted to $500 or more. Whether it is necessary also, in a prosecution for aggravated arson, under the provisions of Act No. 161 of 1948, in order to make a verdict of guilty of simple arson responsive, that the indictment shall state also that the property damaged by the explosive substance, or set on fire, was the property of another person, other than the party accused, and that' the damaging' or setting fire to the property was done without the consent of the owner, is a matter which we. need not decide in this case.
 

 Several bills of exception were reserved to rulings made during the trial of the case, overruling objections to the admissibility of testimony, but, inasmuch as we have concluded that the defendant’s motion in arrest of judgment should have been sustained, the bills of exception reserved to the judge’s rulings on the admissibility of evidence during the progress of the trial are of no importance.
 

 The. conviction and sentence appealed from are annulled, the motion in arrest of judgment is sustained, and the prosecution is ordered dismissed.
 

 HAMITER, HAWTHORNE, and McCALEB, JJ., concur in decree.