43 So.2d 780

**STATE v. WILLIAMS.**

No. 39522.

Dec. 9, 1949.

Rehearing Denied Jan. 9, 1950,

Edwin I. Mahoney, Bernard Cunniffe, New Orleans, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Herve Racivitch, Dist. Atty., Robt. E. LeCorgne, Jr., Asst. Dist.. Atty., New Orleans, for appellee.

FRUGE, Justice.

Welton Williams was indicted for manslaughter, found guilty as charged and sentenced to serve fifteen years at hard labor. He has appealed, presenting seven bills of exception as grounds for a reversal.

### Bill of Exception No. 1.

In this bill the defendant complains of the court's refusal to charge the jury that they could return a verdict of (1) Guilty as Charged, (2) Guilty of Attempted Manslaughter, (3) Guilty of Negligent Homicide, or (4) Not Guilty. Instead the court charged the jury that the only possible verdicts were (1) Guilty as Charged or (2) Not Guilty.

The crime was alleged to have been committed on June 5, 1948. The defendant was tried on March 29, 1949. In the interim, Act No. 161 of 1948, amending Article 386 of the Code of Criminal Procedure and prescribing specifically those verdicts which are responsive to various indictments, had been adopted by the legislature. The trial judge charged the jury in accordance with that act. The defendant contends that the charge should have been given in accordance with the law as it existed when the crime occurred.

It has long been established that statutes which make changes in matters relating merely to practice and procedure in the courts control trials had after the effective date thereof without regard to the date of the happening of the events which give rise to the proceeding. Black on Interpretation of Laws, p. 413; Harlan v. State, 31 Ala.App. 478, 18 So.2d 744; Hall v. State, 144 Fla. 333, 198 So. 60. Therefore, if the change wrought by Act No. 161 of 1948 is a change in the procedural rather than the substantive law, the trial court was correct in charging the jury as directed in the new act.

The adjective or procedural law has been defined in State v. Elmore, 179 La. 1057, 1062, 155 So. 896, 898, as "that which 'provides a method of enforcing and protecting such duties, rights and obligations' as are created by substantive laws. * * * As relates to criminal prosecutions, procedural law includes with-

in its meaning whatever is embraced by the three technical terms 'pleading,' 'evidence,' and 'practice.' It relates to 'those legal rules which direct the course of proceedings to bring parties into court and the course of the court after they are brought in.' "

The substantive law was defined as "that which creates duties, rights, and obligations." State v. Elmore, supra.

Act No. 161 of 1948 provides:

"Article 386. Whenever the indictment sets out an offense including other offenses of less magnitude or grade the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment. The only responsive verdicts which may be rendered, and upon which the judge shall charge the jury, where the indictment charges the following offenses are:

\*     \*     \*     \*     \*     \*

"Manslaughter

"Guilty as charged.

"Not guilty.  \*  \*  \*"

■ Clearly this act has relation to nothing more than the course of the trial proceedings. It does not purport to declare what acts are crimes or prescribe the punishment for committing them. The trial judge was correct in refusing the requested charges and in charging the jury as he did.

State v. Murphy, 214 La. 600, 38 So.2d 254, is not in point. There the prosecution was completed before Act No. 161 of 1948 became effective.

### Bill of Exception No. 2.

■ In this bill the defendant objects to the coroner's testimony to the effect that the death wound could not have been inflicted with the knife identified by the defendant as the one with which he stabbed the deceased. A similar question was raised in State v. Winstead, 204 La. 366, 15 So.2d 793, the court holding that the coroner was qualified to express an opinion as to the cause of the fatal wounds. Defendant has cited no authority to the contrary.

### Bills of Exceptions Numbers 3 and 4.

■ During the cross-examination of two of the state's witnesses it developed that they had given statements to the police on the night of the crime. These bills are taken to the court's refusal to order the state to produce the statements. The identical argument was presented by the defendant and rejected by the court in State v. Vallery, 214 La. 495, 38 So.2d 148. The ruling was correct.

### Bill of Exception No. 5.

The defendant took the stand and testified that the deceased provoked the affray by attacking the defendant and stabbing him in the forehead with an ice pick. He

testified that when he turned himself in to the police they took him to Charity Hospital for treatment of the injury, pointing out the police who took him. After the defense rested its case, the state put the officers on the stand, who testified in rebuttal that they did not take the defendant to Charity Hospital. While cross-examining the officers, counsel for the defendant asked that the court issue a subpoena duces tecum requiring Charity Hospital to produce its records of the treatment, and reserved this bill when the court refused.

The rebuttal testimony introduced by the state did not bring in new evidence or go into any facts other than those presented by the defendant before resting his case. The testimony of the officers amounted to no more than a rebuttal by contradiction. Under the circumstances it was correct for the trial court to refuse to issue the subpoena which could have served no other purpose than to secure evidence which would have to be offered in sur-rebuttal. Such a procedure is not permitted under our Code of Criminal Procedure. Article 378, Code of Crim.Proc.; State v. Kaufman, 211 La. 517, 30 So.2d 337.

Bills of Exceptions Nos. 6 and 7.

These bills are reserved respectively to the court's refusal to grant a motion for a new trial and a motion in arrest of judgment. They present nothing new for our

consideration and have been disposed of by our discussion of the other five bills.

The conviction and sentence are affirmed.