351 So.2d 92 (1977)
STATE of Louisiana, Appellee,
v.
James MARTIN, Appellant.
No. 59283.
Supreme Court of Louisiana.
October 10, 1977.
L. Howard McCurdy, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Charles Brandt, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of simple burglary, La.R.S. 14:62, and sentenced, as a multiple offender, La.R.S. 15:529.1, to eighteen years at hard labor. The accused's conviction and sentence must be reversed on appeal, however, because there is merit to his assignment of error number 1.
By this assignment, the accused complains of the trial court's failure to grant his request that the jury be instructed that a responsive verdict to the crime charged was "attempted simple burglary."
The trial judge instructed the jury that the only responsive verdicts to the charge ("simple burglary") were "guilty" or "not guilty". At the time of the offense (August 12, 1975), these indeed were the responsive verdicts for the crime provided by La.C.Cr.P. art. 814 (as last previously amended in 1973).
However, prior to the date of the trial (November 19, 1975), certain 1975 amendments to Article 814 were in effect. By one of these (Act 335), an additional responsive verdict of "attempted simple burglary" was provided for a charge of "simple burglary."
*93 The state argues that the responsive verdicts applicable to the crime at the time of the offense govern, not the responsive verdicts provided by legislative amendment in effect at the time of the trial. The trial court was in error in acceding to this argument.
At the time this case was tried, the procedural law provided that "guilty of attempted simple burglary" was a responsive verdict to the crime charged. La.C.Cr.P. art. 814(41) (as amended by Act 335 of 1975). The accused was entitled to have the jury so instructed, as he requested, in accordance with the amendment to Article 814 of the Louisiana Code of Criminal Procedure in effect at the time of the trial.
The amendment providing for different responsive verdicts is a procedural change. Therefore, under well settled principles, the responsive verdicts provided by the procedural law in effect at the time of this trial applied, not those provided by the prior procedural law as it had existed at the time of the crime. We squarely so held in State v. Williams, 216 La. 419, 43 So.2d 780 (1950), applying established jurisprudence, and have never deviated from this holding.
In urging us to refuse to apply this wellsettled principle, the state points out that one of the amendments to Article 814 (responsive verdicts), namely that enacted by Act 126 of 1973, specifically provided that this reenactment did "not apply to particular responsive verdicts for crimes committed before the effective date of this Act"; to the contrary, these were to "be governed by the law existing at the time the crime was committed." Section 2. Because this 1973 act (a general revision of Article 814) so provided, the state infers a general principle of non-retroactivity as to subsequent amendments provided for different responsive verdicts.
We cannot find any such suggested legislative intent.
While (for whatever reason) the legislature did provide for non-retroactivity as to the procedural changes made by the 1973 act, it did not do so in any of its subsequent amendments of Article 814, which changed the responsive verdicts as to particular crimes.
Each of these enactments amended the responsive verdicts as to a particular crime or crimes, and each of these subsequent amendments repealed all prior laws in conflict therewith: Act 334 of 1975 (aggravated rape); Act 335 of 1975 (simple burglary; the present enactment); Act 336 of 1975 (various narcotic offenses); and Act 85 of 1976 (theft and attempted theft).
The general principle is that changes in criminal procedures apply to trials conducted subsequent to the date of the procedural amendments, not the procedural law in effect at the date of the crime. We find no reason here presented to deviate from this accepted rule.
One practical reason for the principle is to provide for uniform procedures as to trials conducted after the effective date of the procedural amendments. A contrary principle, if applicable, will result in the inefficiency and fragmentation of procedural law required, should it be necessary in the trial of each particular prosecution to ascertain whether the procedural law in all its facets at the time of the trial differed at the time of the crime. A contrary principle would require different procedural rules for trials held at the same criminal session, depending upon the greatly varying dates of the respective crimes prosecuted.
We find no legislative intent to provide an exception in the instance of responsive verdicts to the general principle that procedural changes apply to trials conducted subsequent to their enactment. Accordingly, we find merit to the defendant's assignment of error no. 1, by which he complains of the trial court's refusal to instruct the jury, in accordance with applicable law, as to the responsive verdicts it could return upon the charge for which the accused was tried.
For the reasons assigned, the conviction and sentence must be reversed, and the case remanded for a new trial in accordance with law.
REVERSED AND REMANDED.
*94 SUMMERS, J., dissents and assigns reasons.
SANDERS, C. J., dissents for the reasons assigned by SUMMERS, J.
SUMMERS, Justice (dissenting).
James Martin was tried on a charge of simple burglary of an automobile and found guilty. A multiple offender billing resulted in his being sentenced to serve eighteen years at hard labor. It is contended on this appeal that the trial judge failed to instruct the jury that a verdict of attempted simple burglary could be returned, and an error was also committed in denying the defense motion for a new trial.
After the judge's instructions to the jury, defense counsel orally requested "instructions to the jury on attempted simple burglary" and the motion was denied.
Although the trial judge asserted in a per curiam that the requested instructions were covered in the general charge, defense counsel argues that such a result could not be reached by the jury without employing some method of interpretive analysis. A jury should not be required, the defense argument proceeds, to sift through the given charge to discover a rule of law which would be applicable.
If attempted simple burglary was a responsive verdict an instruction to that effect was mandatory and a refusal to give that instruction would constitute error requiring reversal and a new trial. La.Code Crim.Pro. art. 803. On the other hand, if attempted simple burglary was not a responsive verdict to a charge of simple burglary an instruction on attempted simple burglary was not required.
By Act 126 of 1973 Article 814 of the Code of Criminal Procedure was amended and reenacted in its entirety enumerating the specific responsive verdicts for fortyfour of the most common crimes. The forty-first crime enumerated in subparagraph 41 was "simple burglary", the responsive verdicts being "guilty" and "not guilty."
Section 2 of Act 126 of 1973 declared that the Act "shall not apply to particular responsive verdicts for crimes committed before the effective date of this Act. Particular responsive verdicts for crimes committed before that time shall be governed by the law existing at the time the crime was committed."
The offense involved in this prosecution was committed on August 20, 1975. Therefore, at that time attempted simple burglary was not a responsive verdict to a charge of simple burglary. However, shortly thereafter by Act 335 of 1975, effective September 12,1975, subparagraph 41 of Article 814 was again amended by adding "guilty of attempted simple burglary" as a responsive verdict to a charge of simple burglary.
Thus, the question is whether at the time of the trial of this case on October 23,1975, Act 335 of 1975, effective September 12, 1975, prescribing "guilty of attempted simple burglary" as a responsive verdict to a charge of simple burglary should govern the instructions on responsive verdicts or whether Act 126 of 1973, which did not require an instruction on attempted simple burglary as a responsive verdict to a charge of simple burglary, should apply. In the first instance it would be error to deny the charge, while in the latter instance the charge would not be required.
Assuming, as both the State and defense do, that legislation prescribing responsive verdicts is procedural in nature, it may be stated as a general proposition that legislative enactments which are procedural in nature may have retroactive effect. State v. Sepulvado, 342 So.2d 630 (La.1977). However, there is no impediment to altering this rule by legislative act. As already noted, Act 126 of 1973 which amended and reenacted Article 814 in its entirety prescribed in Section 2 that its provision should not apply to particular responsive verdicts for crimes committed before the effective date of the act. Particular responsive verdicts for crimes committed before that time were to be governed by the law existing at the time the crime was committed.
While Act 335 of 1975 is silent on the retroactive effect of the single subparagraph *95 41 of Article 814 which the Act amended, I feel the prohibition against retroactivity contained in Act 126 of 1973 applies to subsequent amendments to particular responsive verdicts contained in the Act of 1973. It would be inconsistent with the general concept of nonretroactivity embodied in Act 126 of 1973 to deny retroactivity to the 43 other subparagraphs and require subparagraph 41 to be applied retroactively. To have the effect of retroactivity Act 335 of 1975 should also have amended Section 2 of Act 126 of 1973. It did not do so. The result reached here prescribes a consistent principle of nonretroactivity to all responsive verdicts contained in Article 814.
In State v. El Rito Transp. Co., 193 La. 548, 190 So. 803 (1939), we stated:
"The doctrine that when a statute has been amended it must be read as if it had been enacted originally as it reads after being amended means merely that, from and after the time when the amending statute goes into effect, the new matter, or new sections, must be substituted for the old, in reading the act. But that does not give to the amending statute a retroactive effect."
In the absence of evidence of contrary legislative intent, this Court can presume that the legislature intended that the concept of nonretroactivity embodied in Section 2 of Act 126 of 1973, should apply to the amendments of that Act. See Sutherland, Statutory Construction, §§ 22.34, 22.35 (1972).
As a consequence, there was no prescribed responsive verdict of attempted simple burglary to a charge of simple burglary in effect at the time the offense, which is the subject of this prosecution, was committed. Instead the particular responsive verdicts for the crime of simple burglary prescribed by Act 126 of 1973 in effect at the time this offense was committed would apply. Under that Act no responsive verdict of attempted simple burglary was prescribed for a charge of simple burglary. It was not error, in my view, therefore, for the trial judge to deny a requested instruction on attempted simple burglary. La. Code Crim.Pro. arts. 801-08.
I would affirm the conviction.