Dear Mr. Bonvillian:
Your request for an Attorney General opinion has been forwarded to me for research and reply. In particular, you have asked the following questions:
 Are the revisions made to LSA-R.S. 15:574.4(A)(3) by Act 790 of 1990 to be applied retroactively to include those offenders who were sentenced prior to the effective date of Act 790, or should the statute be given prospective application only?
The ex post facto prohibition is contained in U.S. Const. Art. I, Section 9, Clause 3 and in U.S. Const. Art. I, Section 10, Clause 1. The Louisiana Constitution also contains the ex post facto prohibition in Art. 1, Section 23. This prohibition forbids the Congress and the States to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment."
Prior to the amendment, the law allowed a person imprisoned for 30 years, with or without benefit of parole to become eligible for parole after serving at least 20 years of the sentence and upon reaching the age of 60. The age at which an individual imprisoned under these conditions could become eligible for parole after serving at least 20 years was decreased in 1990 to 45. To determine the proper effect which this law should have, one has to look into the possibility of an ex post facto effect as well as the procedural or substantive nature of the change.
The United States Supreme Court decided Lindsey v.Washington, 57 S.Ct. 797, in 1981. In that case, the Court set out the guidelines to be considered when determining whether or not a criminal law violated ex post facto prohibitions. First, the law must be retrospective in its application and second, it must disadvantage the offender affected by it. The statute in question is being applied retroactively, but prisoners affected by it are advantaged by its application. Retroactive application of this law makes those affected by it eligible for parole earlier than they would have been under the previous law. This, in turn, could possibly result in an earlier release date. Since this law does not disadvantage the offender affected by it, then LSA-R.S. 15:574.4 (A)(3) does not violate the ex post facto prohibitions.
In 1987 when the so-called "geriatric amendment" which provided for parole eligibility at sixty years of age along with the other requirements of LSA-R.S. 15:574.4 (A)(3) was enacted, Cheney C. Joseph wrote a law review article addressing the procedural or substantive nature of the law. He concluded,
 "Since the effect of this procedural provision appears to be remedial, it should be given effect to all cases of prisoners currently serving long sentences at hard labor without benefit of parole. It should not be restricted to cases involving sentences imposed after its effective date. The provision simply removes a bar to parole and hence, should be given full `retroactive' effect." 48 La. L. Rev. 257 at 277. Citing State v. Collins, 370 So.2d 533 (La. 1979); State v. English, 367 So.2d 815 (La. 1979); State v. Curtis, 363 So.2d 1375 (La. 1978); State v. Martin, 351 So.2d 92 (La. 1977); State v. Anderson, 440 So.2d 205 (La.App. 3d Cir. 1983).
It seems that this same reasoning applies to the reduction of the age from 60 to 45. The amendment simply decreases the age-at which one may become eligible for parole and therefore removes a bar to parole for those between the ages of 45 and 60.
It is therefore the opinion of this office that the amendment to LSA-R.S. 15:574.4 (A)(3) may properly be applied to offenders convicted prior to the effective date of the amendment.
Very truly yours,
RICHARD P. IEYOUB
 BY: ___________________________ FREDERICK A. DUHY, JR. Assistant Attorney General