EDWIN A. LOMBARD, Judge.
|tThe defendant, Shawn Jones, appeals his conviction for possession with intent to distribute marijuana, arguing insufficiency of evidence and ineffective assistance of counsel. After review of the record in light of the applicable law, although the defendant’s assignments of error are mer-itless, we vacate and remand the defendant’s conviction and sentence based upon an error patent.

Relevant Facts and Procedural History

On March 15, 2012, in response to reports of drug trafficking in the vicinity of Dale Street and Warfield Street in New *127 Orleans, Louisiana, Detectives Imani Ruf-fin and Joseph Jefferson of the New Orleans Police Department (NOPD), operating in an undercover capacity, approached Lewis Monroe to buy marijuana. In the officers’ presence, Mr. Monroe made a phone call. Shortly thereafter, a person arrived with the marijuana that Mr. Monroe handed the undercover officers in exchange for two $20 bills that had been previously photocopied by the NOPD, memorializing the serial numbers. Leaving the scene, the undercover officers transmitted descriptions of Mr. Monroe and the marijuana courier to the “arresting” or “take-down unit,” which included Detectives Wesley Humbles and Travis Joseph. Arriving quickly, Detective Humbles moved to apprehend the ^defendant, whose clothes matched the description of the marijuana courier. As he did so, Detective Humbles observed the defendant discard a clear plastic bag of marijuana. Accordingly, the defendant was arrested for possession of marijuana and, in the search incident to the arrest, Detective Joseph found the two $20 bills from the controlled buy in the defendant’s pocket.
On May 30, 2012, Mr. Monroe and the defendant were jointly charged by bill of information with distribution of marijuana. The defendant pleaded not guilty and his defense counsel filed various motions on his behalf, including discovery motions, a motion to suppress, and for a preliminary examination. After a hearing on August 24, 2012, wherein the State offered the testimony of Detective Jefferson and introduced the crime laboratory report, the trial judge found probable cause to bind the defendant over for trial on the charge of simple possession of marijuana and denied the defendant’s motion to suppress.
On September 18, 2012, the defendant filed notice of his election to be tried by the judge in a bench trial. Meanwhile, Mr. Monroe withdrew his plea of not guilty, pleaded guilty, and was sentenced to a term of five years imprisonment at hard labor, suspended, and five years of active probation. At the defendant’s trial on March 1, 2013, the State offered the testimony of Detectives Ruffins, Joseph, and Humbles, as well as the crime laboratory report, two bags of marijuana, and a verification of the “buy money.” The State and defense then rested and, after listening to final arguments, the trial judge found the defendant guilty of possession with intent to distribute marijuana. After waiver of sentencing delays, the trial judge sentenced the defendant to five years of hard labor with credit for time served but without benefit of probation, parole, or suspension of sentence.
|sOn March 5, 2013, new counsel enrolled on behalf of the defendant and filed a motion to reconsider sentence. After a hearing on April 1, 2013, in which the defense offered the testimony of Antoine-sha Bernard (the mother of the defendant’s infant child) and offered a letter from the defendant’s former employer stating that the defendant would be employed if released, the trial judge granted the motion to reconsider sentence and amended the defendant’s sentence to five years at hard labor, suspended, and five years of active probation.
This appeal was timely filed.

Discussion

On appeal, the defendant argues that his trial counsel was ineffective and that the evidence is insufficient to support his conviction.

Sufficiency of the Evidence

When issues are raised on appeal both as to sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. State v. Hearold, 603 *128 So.2d 731, 734 (La.1992). When assessing the sufficiency of evidence to support a conviction, we must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
Notably, the defendant concedes that the State proved that he possessed marijuana, arguing only that there is insufficient evidence that his possession was with intent to distribute. “Intent is a condition of the mind which is usually proved by evidence of circumstances from which the intent may be inferred.” Hearold, 603 So.2d at 735 (citations omitted).
|4The following evidence was adduced at trial:
Detective Ruffins testified that when she asked Mr. Monroe where she could find marijuana, Mr. Monroe told her that “he had to call his sister because she sells marijuana.” She then watched Mr. Monroe as he made the phone call and, within ten to fifteen minutes, received the marijuana that Mr. Monroe obtained from someone else in exchange for the “NOPD buy money.” Notably, although Detective Ruffins identified the bag of marijuana she purchased from Mr. Monroe, she was not asked to identify the defendant as the person who brought the marijuana to Mr. Monroe. Further, on cross-examination Detective Ruffins conceded she did not see the defendant handle or drop any marijuana on the ground and that the purchased bag of marijuana was not tested for the defendant’s fingerprints.
Detective Humbles testified that, as a member of the support “take-down unit,” he did not observe the transaction. The “target subject” that made the “hand-to-hand transaction” with Mr. Monroe was described by radio transmission to the waiting police officers only “as wearing a gray t-shirt and blue jeans.” When he arrived at the scene of the undercover purchase, Detective Humbles observed the defendant, who was wearing a grey t-shirt and blue jeans, drop a clear plastic bag that subsequently tested positive as marijuana. He identified the bag of marijuana that the defendant dropped and, when asked if there was anything else he wished to tell the court, stated without objection, “Somebody positively identified him as the person that was meeting with the go-between and he was taken into custody.”
Detective Joseph testified, identifying the defendant as the person he arrested. He related that in the search incident to the arrest, he recovered from the defendant the two $20 bills that were used in the undercover purchase of the | ^marijuana. He verified that the serial numbers of the recovered bills matched the serial numbers of the “pre-recorded NOPD bills, two 20 dollar bills.”
Finally, the State submitted into evidence the crime laboratory report, the bag of marijuana identified by Detective Ruf-fins, the bag of marijuana identified by Detective Humbles, and the verification of the “buy money.”
Viewed in the light most favorable to the prosecution, any rational trier of fact could have inferred that the defendant possessed the marijuana with the intent to distribute. Clearly, under these circumstances, where the “buy money” was recovered from the defendant almost immediately after the transaction took place, it is reasonable to infer that the defendant was the person who brought the marijuana to Mr. Monroe to be sold and, in return, received the purchase money from Mr. Monroe, thus showing the requisite intent *129 to distribute. However, as discussed infra, possession with intent to distribute is not a statutorily designated responsive verdict to the charged offense in this case.

Errors Patent

Our review of the record reveals an error patent requiring that the defendant’s conviction and sentence be vacated. Specifically, possession with the intent to distribute marijuana is not a responsive verdict to the charged offense in this case. The defendant was charged with distribution of marijuana, a violation of La.Rev. Stat. 40:966(A), and, therefore, only the following verdicts were available to the trial judge:
Guilty.
Guilty of attempted production, manufacture, distribution or dispensation of controlled dangerous substances.
Guilty of possession of controlled dangerous substances.
Guilty of attempted possession of controlled dangerous | nsubstances.
Not guilty.
La.Code Crim. Proc. art. 814(A)(48).
A trial court lacks the authority to vary or add to the prescribed verdicts mandated by La.Code Crim. Proc. art. 814. State v. Simmons, 357 So.2d 517, 518 (La.1978). A non-responsive verdict is an error which constitutes grounds for reversal. State v. Thibodeaux, 380 So.2d 59, 61 (La.1980). Moreover, a non-responsive verdict is a patent error which does not require a contemporaneous objection. La.Code Crim. Proc. art. 920(2) (an appellate court shall consider on appeal “an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence”); see also State v. Vincent, 387 So.2d 1097, 1099 (La.1980) (the verdict is part of the pleadings and proceedings; therefore, any error therein is renewable under La. Code Crim. Proc. art. 920). Accordingly, because the trial judge found the defendant guilty of possession with the intent to distribute marijuana,[1] an offense that is not statutorily designated as responsive to the charged offense of distribution of marijuana, the defendant’s conviction must be vacated and the matter is remanded to the trial court.

Conclusion

As noted, the defendant concedes he was in possession of marijuana, a responsive verdict to the offense charged. Because the defendant’s conviction and sentence are vacated and this matter is remanded to the trial court, we pretermit a 17discussion of the defendant’s ineffective assistance of counsel claim.
VACATED AND REMANDED.

. The sentence imposed for possession with intent to distribute marijuana was also illegally lenient because the fine required by La.Rev. Stat. 40:966(B)(3) was not imposed but, as the verdict itself is defective, this issue is moot.