STATE OF LOUISIANA      *      NO. 2019-KA-1061

VERSUS      *

NICHOLAS S LAYBURN      *      COURT OF APPEAL

     FOURTH CIRCUIT

     * 

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 542-954, SECTION "L"
Honorable Franz Zibilich, Judge
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Edwin A. Lombard, Judge Roland L. Belsome

LEON A. CANNIZZARO, JR.
DISTRICT ATTORNEY ORLEANS PARISH
DONNA ANDRIEU
CHIEF OF APPEALS
SCOTT G. VINCENT
ASSISTANT DISTRICT ATTORNEY
619 S. White Street
New Orleans, Louisiana 70119
     COUNSEL FOR STATE/APPELLEE

HOLLI HERRLE-CASTILLO
LOUISIANA APPELLATE PROJECT
P. O. Box 2333
Marrero, Louisiana 70073
     COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED; CONVICTION AND SENTNCE VACATED**

**AUGUST 19, 2020**

JFM
EAL
RLB

The defendant, Nicholas Layburn, seeks appellate review of the district court's denial of his motions for new trial and for post-verdict judgment of acquittal.  After reviewing the appellate record and applicable jurisprudence, we find an error patent warranting the defendant's acquittal.  Accordingly, we reverse the district court's judgment and vacate the defendant's conviction and sentence.

**STATEMENT OF CASE**

On September 28, 2018, the State filed a bill of information charging the defendant, Nicholas Layburn, with one count of aggravated arson, in violation of La. R.S. 14:51.  On October 3, 2018, the defendant appeared for arraignment and entered a plea of not guilty.  On November 16, 2018, a preliminary hearing and a hearing on the defendant's motion to suppress identification was conducted.  On that date, the district court found probable cause and denied the defendant's motion to suppress identification.

A one-day bench trial was conducted on February 20, 2019, following which the district court took the matter under advisement.  On February 25, 2019, the

1

district court returned its verdict, finding the defendant guilty of simple arson with damage in the amount of less than $500.00 in violation of La. R.S. 14:52(C).

On April 29, 2019, the district court sentenced the defendant as follows: "Five years in the Department of Corrections, all suspended but three years. So it is a three-year sentence after which he will be placed on active probation with this court for two years. He is to receive credit for time served…." On that same date, the defendant filed a motion for new trial and a motion for a post-verdict judgment of acquittal, both of which the court denied.

**STATEMENT OF FACT**

Detective Mark Hall, Sr. ("Hall"), testified that on July 27, 2018, he was assigned to investigate an arson which occurred at 905 Governor Nicholls Street. Hall went to the site and observed "a scorched building." As part of his investigation, Hall watched surveillance footage, introduced into evidence as State's exhibit 1. The video depicted the corner of Governor Nicholls and Dauphine Streets. A man with blond hair wearing a black t-shirt, khaki shorts, and black shoes appeared in the upper right-hand corner of the frame. Hall identified this man as the defendant, Nicholas Layburn. The video reflected the man carrying a red gasoline container. Hall testified that the gasoline container matched the one recovered at the site of the fire.

A second video, introduced into evidence as State's exhibit 2, reflected the fire itself. Hall estimated that the fire lasted approximately thirty seconds. Shortly thereafter, the New Orleans Fire Department arrived. At that point, the video depicted the man running from the scene trying to conceal his identity. Hall identified defendant at trial as the man depicted in the video.

Hall testified that the defendant, whose appearance matched that of the person depicted in the video footage, was apprehended four days later by the Fire Marshall. At the time of his arrest, the defendant had in his possession "[a] big bottle of Jack Daniels." Hall stated that during his transport to the station, defendant was upset; he "began kicking the windows of the police vehicle."

On cross-examination, Hall confirmed that the arson was reported as occurring at 913 Governor Nicholls Street rather than 905 Governor Nicholls Street. At the time, 913 Governor Nicholls Street was unoccupied; it was under construction. The fire was lit on a pile of bricks, which was laid against the left-hand wall of the home located at 905 Governor Nicholls Street. The red gasoline container was discovered at 913 Governor Nicholls Street. At no point during his investigation did Hall hear or learn of any statements made by the defendant to the effect that he intended to burn down the structure located at 905 Governor Nicholls Street.

Heidi Raines ("Raines") testified that she lived at 905 Governor Nicholls Street which is located next door to 913 Governor Nicholls Street; the houses share the same property line. Raines first learned of the fire when she walked outside; a neighbor's wife told her about it, stating that her husband had witnessed what had happened. Raines explained that the owners of 913 Governor Nicholls Street were "redoing their patio" and they had stacked all of the bricks against her wall. When she surveyed the damage, she "saw some charred kind of debris." Specifically, her telephone lines were charred and her cable lines were scorched.

Raines explained that she aided police in their investigation as she obtained a description of the perpetrator from the neighbor who witnessed the crime and the description matched a photograph posted by a different neighbor. She spoke to

3

police about the photograph and how it matched the witness's description. Raines identified the defendant in court as the person who the witness described and whose photograph she obtained. On cross-examination, Raines clarified that there was a pile of bricks at 913 Governor Nicholls Street which was stacked four-feet high leaning against her wall. Following Raines' testimony, the State rested.

Bridgette Snow ("Snow") testified that she was a staff investigator with the Orleans Parish Public Defenders Office. As part of her investigation of the case at hand, Snow took photographs of 905 Governor Nicholls Street and took a "screenshot" of a parcel map of 905 and 913 Governor Nicholls Street. These photographs were introduced into evidence but were not provided to this Court.

Following Snow's testimony, the defendant introduced, and the State stipulated to its authenticity, body-camera footage of Officer Christopher Jennings("Jennings"), the initial responding officer, to show the condition of the left-hand wall of 905 Governor Nicholls Street at the time of the fire. Jennings' body-camera footage was also not provided to this Court.

Thereafter, Raines was again called as a witness on behalf of the State. Raines was shown Snow's photographs of the left-hand wall of her home. Raines acknowledged that the wall is brick so there was no significant fire damage. She explained, however, that the fire damage to the telephone and cable lines was not depicted in the photographs.

**ERRORS PATENT; ASSIGNMENT OF ERROR NO. 1**

In accordance with La .C.Cr.P. art 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent which is discussed herein.

4

As noted above, the State filed a bill of information charging the defendant with one count of aggravated arson. Specifically, the bill of information stated that the defendant, on July 27, 2018, "… COMMITTTED AGGRAVATED ARSON OF A DWELLING LOCATED AT 905 GOVERNOR NICHOLLS STREET BELONGING TO A KNOWN VICTIM, WHEREBY IT WAS FORESEEABLE THAT HUMAN LIFE MAY HAVE BEEN ENDANGERED…." The district court, however, found the defendant guilty of simple arson where the damage amounted to less than $500.00.

La. C.Cr.P. art. 814(28), the applicable law on July 27, 2018, provided that simple arson where the damage amounted to less than $500.00 is a responsive verdict for aggravated arson **but only** "if the words 'belonging to another and with damage amounting to _____ dollars' are included in the indictment." *See State v. McKithern,* 2011-1402, p.13 (La. App. 3 Cir. 5/2/12), 93 So.3d 684, 695, *writ denied,* 108 So.3d 782 (La. 2013) (where indictment charging defendant with aggravated arson did not include the words, "belonging to another and with damage amounting to _____ dollars," trial court did not err in instructing that there were no lesser responsive verdicts to the charge of aggravated arson); *State v. Murphy,* 214 La. 600, 605 (La. 1948), 38 So.2d 254, 256 (simple arson is not a lesser responsive verdict to the crime of aggravated arson unless the indictment sets forth the amount of the damage done).

In *McKithern, supra,* the defendant was convicted as charged and complained on appeal that the trial judge erred in failing to instruct jurors with regard to a lesser responsive verdict to the charged crime of aggravated arson. However, because the indictment failed to specify the dollar amount associated with the damage and that the damage was to property belonging to another, the

court properly instructed: "[t]here are no lesser responsive verdicts to the crime of aggravated arson." *Id.,* 2011-1402 at p.13, 93 So.3d at 695.

In *Murphy, supra,* as in the instant matter, the defendant was prosecuted for the crime of aggravated arson, but was found guilty of simple arson. The defendant objected, complaining that the verdict was not responsive. *Id.,* 214 La. at 602, 38 So.2d at 255. The Louisiana Supreme Court agreed, ordering that "the motion in arrest of judgment is sustained, and the prosecution is ordered dismissed." *Id.,* 214 La. at 606, 38 So.2d at 256. More recently, in *State v. Price,* 2017-0520, p. 8 (La. 6.27/18), 250 So.3d 230, 235, the Louisiana Supreme Court made clear that the return of a non-responsive verdict "is an implicit acquittal of the crime[] charged…."

Contrary to the situation in *Murphy,* in the case at hand, the defendant did not lodge an objection to the district court's issuance of a non-responsive verdict. The defendant's failure in this regard, however, does not preclude this Court from ordering that the prosecution be dismissed. The "return of an unauthorized responsive verdict, even in the absence of an objection, constitutes an error patent, which is tantamount to an acquittal." *State v. Baugh,* 2018-0506, p. 2 (La. App. 4 Cir. 12/19/18), 262 So.3d 312, 313, citing *Price,* supra; *State v. Mayeux,* 498 So.2d 701, 702 (La. 1986); *State v. Jones,* 2013-1118, p. 6 (La. App. 4 Cir. 1/30/14), 156 So.3d 126, 129; *State v. Campbell,* 95-1409, p. 3 (La. 3/22/96), 670 So.2d 1212, 1213.

In its appellee brief, the State acknowledges that in this case simple arson was not a responsive verdict. However, as the State points out, under Louisiana law, "a reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports

6

the conviction of the responsive verdict returned by the trier of fact." *State v. Jeter*, 2009-1004, pp. 2-3 (La. App. 3 Cir. 4/7/10), 33 So.3d 1041, 1043, citing *State v. Savoy,* 2008-716 (La. App. 3 Cir. 12/10/08), 999 So.2d 285. According to the State, "the evidence submitted at trial was sufficient to support a conviction for aggravated arson."

Whether the evidence presented met the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard appears irrelevant. The factfinder determined that the State had not proved its case beyond a reasonable doubt and returned a non-responsive verdict. Under *Price, supra,* and *Murphy, supra,* the non-responsive verdict should operate as an acquittal to the charged offense.

Based on the above, the district court's issuance of the non-responsive verdict of simple arson in the amount of less than $500.00 to the charged crime of aggravated arson, constitutes an error patent. A dismissal of defendant's prosecution is therefore warranted.

**ASSIGNMENT OF ERROR NUMBER 2**

The defendant contends, in this second assignment of error, that there was insufficient evidence to support his simple arson conviction and, as such, his motion for post-verdict judgment of acquittal should have been granted.

This Court need not reach this issue because, as discussed above, the non-responsive verdict returned by the court constitutes the equivalent of an acquittal and requires that the prosecution be dismissed.

7

**ASSIGNMENT OF ERROR NUMBER 3**

The defendant contends, in this third assignment of error, that the district court erred in failing to grant a new trial because the district court improperly found that the State did not need to prove the property specified in the bill of information was the subject of the simple arson.

This Court need not reach this issue because, as discussed above, the non-responsive verdict returned by the court constitutes the equivalent of an acquittal and requires that the prosecution be dismissed.

**CONCLUSION**

Based upon the record and applicable jurisprudence, we find that the district court's issuance of a non-responsive verdict of simple arson in the amount of less than $500.00 to the charged crime of aggravated arson, constitutes an error patent, the defendant's prosecution is dismissed. Accordingly, we reverse the district court's judgment and vacate the defendant's conviction and sentence.

**REVERSED; CONVICTION AND SENTNCE VACATED**